# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8233 | **DATE** | 1-25-11 |
| **CASE TITLE** | Tommie Lynch (K-76506) v. Brian Boersma | | |

**DOCKET ENTRY TEXT:**

Plaintiff's current application to proceed *in forma pauperis* [3] is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint in accordance with this order. The clerk shall send to Plaintiff another *in forma pauperis* application and an amended complaint form. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of this case without prejudice.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Tommie Lynch (K-76506), currently incarcerated at the Dixon Correctional Center, has filed this civil rights complaint under 42 U.S.C. § 1983 challenging his arrest and incarceration for not properly registering as a sex-offender.

Plaintiff's current application to proceed *in forma pauperis* is incomplete, as it includes neither a certificate by an authorized officer stating the average balance of Plaintiff's trust fund account, nor a copy of a current trust fund account from Dixon Correctional Center (a statement showing all activity in the account for the six-month period preceding his filing of this complaint). The issue of the filing fee must be resolved before this case can proceed forward. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Although Plaintiff submitted an *in forma pauperis* application, the section requesting a certificate by an authorized officer is blank, and the copy of his trust fund account does not show the activity therein for the six-month period before he filed this suit. To proceed, Plaintiff must either pay the $350 filing fee or submit a completed *in forma pauperis* application on the court's form that provides both a completed certificate and an account statement showing a history of activity. Failure to comply with this order within 30 days of the date of this order will result in summary dismissal of the case without prejudice.
**(CONTINUED)**

isk

## STATEMENT (continued)

Additionally, the court's preliminary review of Plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that it cannot proceed as currently drafted. Plaintiff provides a detailed narration of his difficulties with registering a sex offender, which appears to have led to his arrest and reincarceration in 2010. Although he indicates that he was arrested without probable cause, he names as Defendants a McHenry County Assistant State's Attorney, an Assistant Public Defender, a state court judge, and the McHenry Police Department. Not only is it unclear how each of these parties was involved, but also none of them can be named as a Defendant with respect to the claims Plaintiff seeks to raise.

A civil rights suit must allege that a person acting under the color of state law (a state actor) violated the plaintiff's constitutional rights. Defense attorneys, even public defenders, are not state actors and are not proper defendants in a § 1983 case. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983).

With respect to Plaintiff's claims against a state court judge and an Assistant State's Attorney, both parties are immune from suit. *See Mireles v. Waco*, 502 U.S. 9 (1991); *John v. Barron*, 897 F.2d 1387, 1391-92 (7th Cir. 1990) (judges are entitled to absolute immunity from civil rights suits for their actions performed in their judicial capacity); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (prosecutors are absolutely immune from § 1983 suits for money damages for conduct intimately associated with the judicial phase of the criminal process). Plaintiff's allegations demonstrate that his claims involve the judge's and the prosecutor's conduct intimately associated with the prosecution of his case.

Furthermore, Plaintiff's claims appear to seek damages for his arrest and his current incarceration. However, he may not bring a civil rights suit for damages with respect to a conviction or incarceration until his conviction has been declared invalid by direct or habeas review. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff may challenge the validity of his conviction in this court only through a petition for habeas corpus relief after he has exhausted his state court remedies.

For these reasons, Plaintiff's current complaint cannot proceed forward. If Plaintiff wants to pursue this case in this court, he must submit an amended complaint that raises a valid claim upon which this court can grant relief and that names as defendants parties who are not immune from suit. Plaintiff is given 30 days to submit an amended complaint.

Therefore, to proceed with this case, within 30 days of the date of this order, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim and that names parties who are not immune from suit. Failure to comply with this order may construed as Plaintiff's desire not to proceed with this case and will result in summary dismissal of the case without prejudice.